**IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI**

**SHARON HARDIGREE AND DAVID HARDIGREE**               **PLAINTIFFS**

**Vs.**                                        **CAUSE NO. 15-532**

**MORGAN & MORGAN, PLLC,  MORGAN &
MORGAN MISSISSIPPI, PLLC, MORGAN &
MORGAN, P.A., MORGAN & MORGAN
MISSISSIPPI MANAGEMENT, INC.,
JOHN MORGAN, IN HIS OFFICIAL CAPACITY,
GREGORY J. BOSSELER, IN HIS OFFICIAL CAPACITY,
AND JOHN DOES 1-10**

                                                **DEFENDANTS**

**FIRST AMENDED COMPLAINT
(TRIAL BY JURY REQUESTED)**

    **COME NOW,** Plaintiffs Sharon Hardigree and David Hardigree, and file this their First Amended Complaint against Defendants Morgan & Morgan, PLLC, Morgan & Morgan Mississippi, PLLC, Morgan & Morgan, P.A., Morgan & Morgan Mississippi Management, Inc., John Morgan, in his official capacity, Gregory J. Bosseler, in his official capacity, and John Does 1-10 and as for a cause of action against said Defendants would respectfully represent and show unto this Honorable Court as follows, to-wit:

**<u>JURISDICTION AND VENUE</u>**

    1.    This Honorable Court has jurisdiction and venue over the parties and this cause of action. This civil action arises out of the tortious acts and omissions of the Defendants committed in whole or in part in Hinds County, Mississippi against residents of the State of Mississippi.

    2.    On or about July 24, 2013, Plaintiff, by and through their undersigned counsel, Morgan & Morgan, caused to be delivered by certified U.S. Mail to Dr. Somprasong Songcharoen, M.D. and Mississippi Premier Plastic Surgery, PLLC a notice of claim letter regarding the act(s)

and/or omission(s) set forth therein pursuant to Miss. Code Ann. § 11-46-11 (2006). Plaintiff, by and through their undersigned counsel, Morgan & Morgan, caused to be delivered and filed against Dr. Somprasong Songcharoen, M.D., Mississippi Premier Plastic Surgery, PLLC, St. Dominic Jackson Memorial Hospital, John Does A-G and Jane Joes A-G a Complaint for damages regarding the act(s) and/or omission(s) set forth herein after the applicable two-year statute of limitations under Miss. Code Ann. § 15-1-36 had expired.

3.      Venue is properly established before this Court based upon Mississippi Code Annotated § 11-11-3 (1)(a)(i) (Amended 2006). Pursuant to the statute, venue is proper because the present action has been instituted where at least one of the individual Defendants reside and/or where the acts and omissions complained of occurred.

## **<u>PARTIES</u>**

4.      Morgan & Morgan, PLLC is a Mississippi limited liability company formed on or about September 5, 2007 and located at 188 E. Capitol Street, Suite 777, Jackson, Hinds County, Mississippi at all times pertinent hereto is and was in the business of providing legal services and may be served process at National Registered Agents, Inc., 645 Lakeland Drive, Suite 101, Flowood, Mississippi, 39232.

5.      Morgan & Morgan Mississippi, PLLC is believed to be the same as Morgan & Morgan, PLLC a Mississippi limited liability company formed on or about September 5, 2007 and located at 188 E. Capitol Street, Suite 777, Jackson, Hinds County, Mississippi at all times pertinent hereto is and was in the business of providing legal services and may be served process at National Registered Agents, Inc., 645 Lakeland Drive, Suite 101, Flowood, Mississippi, 39232 as identified on Florida's "2015 Foreign Limited Liability Company Annual Report."

6.      Morgan & Morgan, P.A. is a Florida Profit Corporation and may be served pursuant to Mississippi Rules of Civil Procedure Rule 4(c)(5).

7.      Morgan & Morgan Mississippi Management, Inc. is a Florida Profit Corporation and may be served pursuant to Mississippi Rules of Civil Procedure Rule 4(c)(5).

8.      John Morgan, upon information and belief, is an adult resident citizen of the State of Florida any may be served with process pursuant to Mississippi Rules of Civil Procedure Rule 4(c)(5).

9.      Gregory J. Bosseler, upon information and belief, is an adult resident citizen of the State of Mississippi and may be served with process wherever he may be found.

10.     Defendants John Does 1-10 are other individuals, persons, corporate persons or entities who may be liable for all or part of the negligible acts or omissions committed resulting in the subject incident which involved and resulted in the breach of fiduciary duties and legal malpractice and in whom Plaintiffs may seek recovery of damages.  The Plaintiffs are currently unable to identify these Defendants despite diligent efforts.  Said Defendants are named pursuant to Miss. R. Civ. P. 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortious and contributed to the malpractice claim of Sharon Hardigree and David Hardigree.

## THE MORGAN ORGANIZATIONS

11.     Defendants Morgan & Morgan, PLLC, Morgan & Morgan Mississippi, PLLC, Morgan & Morgan, P.A., and Morgan & Morgan Mississippi Management, Inc. (collectively "Morgan & Morgan" and/or The Morgan Organizations) are privately held law firms and a law firm management company that hold themselves out to be "a leading personal injury law firm dedicated to protecting the people, not the powerful" with "decades of experience, more than 250 lawyers, and a support staff of nearly 1,500 employees."

12.     Upon information and belief, Morgan & Morgan, P.A. owns and operates Defendants Morgan & Morgan, PLLC, Morgan & Morgan Mississippi, PLLC, and Morgan & Morgan, P.A.   And, upon information and belief, John Morgan is the President and majority shareholder of Morgan & Morgan Mississippi Management, Inc. as well as the other Morgan & Morgan entities.   As such, The Morgan Organizations Defendants are a single enterprise that, at all times relevant to this Complaint, includes, but it not limited to:

    a.   Day-to-day control of personnel management for all employees in the corporate enterprise who made decisions regarding Morgan & Morgan, PLLC;

    b.   Approval of decisions regarding employees of Morgan & Morgan, PLLC;

    c.   Management of the on-site managers or management were handled through the corporate enterprise;

    d.   Management of personnel were handled through the corporate enterprise;

    e.   Substantial periodic financial support supplied through the corporate enterprise; and

    f.   Approval of staffing were handled through the corporate enterprise.

Upon information and belief, The Morgan Organizations have a close interrelation of operations, as well as centralized control of personnel matters, common management and common ownership and financial control.   Upon information and belief, The Morgan Defendants are a single employer enterprise in terms of function and for purposes of sharing in liabilities of members of the corporate enterprise.[1]

---

[1] It is important to note that the Mississippi lawyer who filed the Motion to Withdraw noted that the law firm entity is (or was) Morgan & Morgan, P.A. not the Mississippi limited liability company, Morgan & Morgan, PLLC.  This is further evidence that they are a single business enterprise.  Since the filing of the instant action, the Morgan & Morgan entities have admitted in other litigation that they are "one in the same," although they expressly denied same in their answers in this matter.

## FACTS

13.    Morgan & Morgan creates and runs advertisements, including but not limited to television commercials, billboard advertisements, internet marketing and branded website pages, in Mississippi that features John Morgan, Ultima Morgan, Matt Morgan, Dan Morgan and/or Mike Morgan that suggest Mississippians would be also represented by John Morgan and/or a member of the Morgan family. ("False Advertisements").

14.    The majority of the False Advertisements used by Morgan & Morgan relate to their purported intent to ability to provide superior legal services and the Morgan family will be there for them.

15.    The False Advertisements extensively use John Morgan and he encourages Mississippians to contact Morgan & Morgan.  These False Advertisements deceived Plaintiffs and have the tendency to deceive a substantial portion, if not all, of their intended prospective clients in the State of Mississippi.

16.    The False Advertisements led Plaintiff, and still lead Mississippians, to believe that John Morgan, Ulitma Morgan, Matt Morgan, Dan Morgan and/or Mike Morgan will be involved in the handling of their claims.

17.    These False Advertisements deceived Plaintiffs, and likely other Mississippians, that John Morgan and the Morgan family would also be their lawyer.  In fact, some of the False Advertisements include John Morgan asserting "**I'm not just any lawyer, I'm your lawyer.**" Yet, John Morgan has executed an affidavit stating he does not have any clients in the State of Mississippi.  *See*, Exhibit "A."  Thus, the statement "I'm not just any lawyer, I'm your lawyer" is blatantly false, misleading and deceptive.

18.     Other False Advertisements include John Morgan and other Morgan family members who stated, "**We're all here for you**."  This statement is blatantly false, misleading and deceptive.

19.     Similarly, another False Advertisement involves the Morgan family stating, "**Our family is here for your family.**"  This statement is blatantly false, misleading and deceptive.

20.     Another Morgan & Morgan's advertisement that included John Morgan and other family members stated, "**You don't pay us unless we're successful**."  This statement is blatantly false, misleading and deceptive.

21.     In many of the False Advertisements John Morgan described himself to Plaintiffs, and to prospective Mississippi clients, as a trial lawyer with over thirty (30) years of experience. The False Advertisements also provide other personal information about and/or characteristics of Mr. Morgan which were included in order to convey to Plaintiffs and other prospective Mississippi clients that Mr. Morgan and family would be handling, or at the very least participating in the handling of, their claims.

22.     The False Advertisements that feature John Morgan and family failed to advise or educate Plaintiffs, or other prospective Mississippi clients, that they will NOT be their lawyer and will not participate in their case.

23.     The following statements, inclusive of those above, are similarly false, misleading, deceptive:

a.     John said, "And you never owe us legal fees unless we're successful.  It's our way of leveling the playing field.

b.     John said, "If you've been injured in an accident, hurt on the job or are the victim of medical malpractice, you only owe us a fee if we win at trial or are able

to obtain a fair settlement for you . . . my family has represented you and your families for almost 30 years now … Today we are honored to help you when you need us most."

c.     Ulitma said, "Morgan & Morgan is a family business, and we are in the business of helping you when an accident devastates your life … This is what we've done for almost 30 years now.  We understand your financial needs and obligations and how the loss of income or unpaid medical bills can be overwhelming.  Our family is here for your family."

d.     John said, "You've trusted us to try and get you justice for you and your family at a most difficult time. . . . We're here for you."

e.     John said, "For almost 30 years . . . If you ever need us, we're here for you.  And remember, together, we travel this journey to justice."

f.     John said, "When you need my help at your time of need, call me.  I'm the people's lawyer.  And remember, I'm not just a lawyer, I'm your lawyer."

g.     Ultima said, "The client comes first.  We realize that when you hire us that is a powerful trust and that you are the boss.  We don't take your representation for granted.  And every day we will work hard to never break that trust.  Our family is always here for your family."

h.     Ultima said, "As a mother and a grandmother, I know what goes into running a household.  Let our family help your family."

i.     Ultima said, "When our children were growing up, we had a saying … One for all and all for one … When you trust us at your time of need, please know you hire all of us.  All for one, and that one is you."

j.    John said, "As we fight the good fight.  We're all here for you."

24.    The above television advertisements, as well as others, are false, misleading, deceptive and/or ambiguous since John Morgan and family had no intention of representing Plaintiffs or other prospective Mississippi clients for the services offered in the False Advertisements.

25.    The Morgan Defendants also use the face of John Morgan which is known by Plaintiffs, and other Mississippi prospective clients, to be John Morgan on billboards directing Plaintiffs and prospective clients to Morgan & Morgan's website which confirms that it is John Morgan.

26.    The use of John Morgan's image in the Morgan & Morgan billboards reinforces the false, misleading, deceptive and/or ambiguous message contained in the television commercials that John Morgan works in Mississippi and that Morgan & Morgan, P.A. and John Morgan will be their attorneys.

27.    The Morgan & Morgan, P.A. billboards did not advise Plaintiffs, or do not advise Mississippi prospective plaintiffs, that John Morgan is not licensed in Mississippi and do not represent clients in Mississippi.

28.    Defendants engaged, and continues to engage, in improper and/or illegal conduct by propagating false and misleading statements in their advertisements.[2]

---

[2] Morgan & Morgan has even gone so far to mislead the public to believe that B.C., a notable African American lawyer, has a separate firm in Jackson, MS; however, a review of B.C.'s advertisement clearly shows B.C.'s address to be Morgan & Morgan's Jackson, MS address.  Upon information and belief, this advertisement targets certain demographics as a "catch-all."  As such, this clearly shows Morgan & Morgan has a pattern of propagating false, misleading advertisements.

29.     Defendants willfully and intentionally misrepresented the nature of their practice and their involvement with Plaintiffs, and with prospective Mississippi clients, with personal injury claims in an effort to deceive Plaintiffs and/or prospective Mississippi clients in Mississippi.

30.     After seeing and hearing multiple Morgan & Morgan advertisements, Plaintiffs hired the Defendants to represent them on their medical malpractice and loss of consortium claims against Dr. Somprasong Songcharoen, M.D., Mississippi Premier Plastic Surgery, PLLC, St. Dominic Jackson Memorial Hospital (hereinafter collectively "Medical Defendants). Plaintiffs hired Morgan & Morgan based upon the perception it is "a leading personal injury law firm dedicated to protecting the people, not the powerful" with "decades of experience, more than 250 lawyers, and a support staff of nearly 1,500 employees." Plaintiffs further hired Morgan & Morgan based upon the perception its marketing/advertising suggests that they are "the people's lawyers" and equipped with adequate personnel to successfully handle their matter. Plaintiffs believed, based on the advertisements, that John Morgan and his family would also assist the local lawyers with their case.

31.     Sometime in 2012, Morgan & Morgan caused the Plaintiff Sharon Hardigree's medical records to be reviewed by an expert as evidenced by its checks # 14129 (02/21/2012), # 15550 (6/13/2012), # 16098 (7/31/2012) and # 16126 (8/02/2012).

32.     Upon information and belief, J.G. and other lawyers who were assigned this file were overworked without adequate support staff to properly follow-up with experts and to properly prepare the lawsuit for filing.

33.     Upon information and belief, J.G. and other lawyers who were assigned to this file had anywhere from fifty (50) to two hundred (200) files.

34.     During this time, The Morgan Organizations continued to advertise for cases although they knew they did not have the appropriate staff to handle any new cases or even the old cases, for that matter. John Morgan continued to falsely advertise that he represents people in Mississippi.   Upon information and belief, The Morgan Defendants advertised everyday and accepted cases every day, during this time, but failed to devote adequate resources, including but not limited time and personnel, to properly handle Plaintiffs' claims.

35.     And, during this time, employees informed the Plaintiffs that an expert had, in fact, confirmed there had been a breach of the standard of care.  The Morgan Organizations' employees continued to assure Plaintiffs that their case was in "good shape" and that they had things under control.  These assurances were outright falsehoods and/or negligent/reckless statements intended to deceive the Plaintiffs.  As such, the Morgan Organizations are vicariously liable for their employees.

36.      On or about July 24, 2013, Morgan & Morgan provided statutory notice of its intent to file a medical negligence action arising out of a surgery performed on August 24, 2011 (abdominal panniculectomy, abdominoplasty, and repair of the large umbilical/ventral hernia or umbilical, liposuction for contouring of both iliac areas) and on September 3, 2011 (exploratory laparotomy with extensive lysis of adhesions, segmented small bowel resection, abdominal washout with placement of multiple drains, complex abdominal closure).  Pursuant to Mississippi Code Annotated § 15-1-36, the statute of limitations expired on October 23, 2013.  However, Morgan & Morgan filed its complaint on October 24, 2013—one day late.

37.     Morgan & Morgan caused the Medical Defendants to be served with process.  Shortly thereafter, an agreed order was executed allowing St. Dominic to be dismissed from the action.

38.     The remaining Medical Defendants noticed their motion to dismiss the action based on statute of limitations.

39.     On May 7, 2014, "Morgan & Morgan, P.A." filed a response to the motion to dismiss.  However, three weeks later, it filed a Motion to Withdraw asserting it would be in the Plaintiffs "best interest" if Morgan & Morgan is allowed to withdraw.  Upon information and belief, this is so because it was determined that the statute of limitations had been missed, according to The Morgan Organizations' policies, procedures, custom and/or practices.

40.     During this time period, Defendant Greg J. Bosseler was the managing partner of Morgan & Morgan's Jackson, MS Office and had supervisory authority over J.G. and other lawyers who were assigned to Plaintiffs' file.

41.     Defendant Greg J. Bosseler, upon information and belief, oversaw J.G. and other lawyers assigned to Plaintiffs' file.  Upon information and belief, Bosseler regularly met with J.G. and other firm associates to answer questions and address concerns related to Plaintiffs' case as well as other cases.

42.     At some point during the representation, J.G. left the employment of Morgan & Morgan.  At that time, Defendant Greg J. Bosseler, who was not licensed in Mississippi at the time, oversaw the Mississippi lawyers and assigned the lead responsibilities to O.N.

43.     Upon information and belief, consistent with Morgan & Morgan's policies, Bosseler gave instructions to O.N. to get the firm out of the case.  Upon information and belief, as Bosseler did with J.G., Bosseler instructed O.N. on the handling of Plaintiffs' claims.

44.     Upon information and belief, the Morgan Defendants implemented a "pattern and practice" to withdraw from their cases when they determined they missed an applicable statute of limitation.  Upon information and belief, John Morgan and Greg J. Bosseler made a management

decision to withdraw in the hopes that the case gets dismissed for failure to prosecute or failure to proceed *pro se*.  Upon information and belief, John Morgan and Greg J. Bosseler know that it will be difficult for their clients to obtain new counsel when their cases are in such condition.

45.   John Morgan and Greg J. Bosseler knew the Jackson office was understaffed, but they made a management decision to not hire any additional lawyers or staff— even though Morgan & Morgan continued to advertise and continued to "sign up" cases.  Rather, John Morgan and Greg J. Bosseler made a management decision to terminate employees to cut overhead and to withdraw out of "troubled" cases.  Yet, upon information and belief, the Jackson office's staff handled more cases per lawyer than any other Morgan & Morgan office.

46.   Upon information and belief, John Morgan and Greg J. Bosseler conducted "triage" meetings with others shareholders of The Morgan Defendants in an effort to identify "troubled cases" so that lawyers could withdraw from them without telling their clients, like the Plaintiffs, the truth.  This clearly breaches all fiduciary duties owed to clients.

47.   Upon information and belief, Defendant Morgan & Morgan Mississippi Management, Inc. was to provide management oversight to employees at the Mississippi based law firm.   However, upon information and belief, John Morgan on behalf of Morgan & Morgan Mississippi Management, Inc. made a conscious business decision to create an atmosphere of chaos by, *inter alia*,  failing to hire adequate lawyers and staff, failing to hire competent lawyers and staff, failing to decrease advertising when he knew the Jackson office was overwhelmed, etc.

48.   Upon information and belief, Greg J. Bosseler on behalf of The Morgan Organizations made a conscious business decision to create an atmosphere of chaos by, *inter alia*, creating an atmosphere of division in the Jackson office despite the fact he knew the office did not

have adequate lawyers and staff and he allowed the continued advertising when he knew the Jackson office was overwhelmed, etc.

## COUNT I:  BREACH OF FIDUCIARY DUTY

49.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

50.    Defendants owed certain fiduciary duties of full disclosure; fair, honest dealing; candor; care; trust and loyalty and utmost good faith to Plaintiffs based upon the attorney-client relationship.

51.    Defendants were duty bound to be truthful to the Plaintiffs at every stage of the representation.  Defendants failed to disclose the status of Plaintiffs' case, failed to disclose that the underlying defendants had filed a motion for summary judgment based on the statute of limitations, among other things.  They failed to make the required disclosures.

52.    Defendants' actions which caused the Jackson lawyers to procrastinate with Plaintiffs' case, not properly filing the lawsuit, not timely filing the lawsuit, which essentially caused the dismissal of the Plaintiffs' action because Plaintiffs were unable to secure counsel with the case being in its current posture.

53.    The Morgan Organizations' employees further breached their duty by not "adequately, truthfully" informing the Plaintiffs of the status of their case.  Furthermore, they adopted policies and procedures (or acted in ways) that were inconsistent with the fiduciary duties owed to Plaintiffs.

54.    The Morgan Organizations created an atmosphere for "breach of fiduciary duty" by implementing policies, customs, practices and/or procedures to withdraw when faced with a dispositive motion for failure to file within applicable statute of limitations.

55.     The failure of Defendants to act in the best interest of Plaintiffs in performing their duties breached those fiduciary duties.

56.     Plaintiffs suffered significant damages as a result of the actions of Defendants in the breach of their fiduciary duties. Defendants performed these actions willfully, intentionally and with malice, warranting the imposition of exemplary damages.

## COUNT II:  LEGAL AND PROFESSIONAL NEGLIGENCE

57.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

58.     The Defendants owed a duty to Sharon Hardigree and David Hardigree to provide legal services that would have been offered by any competent law firm and/or attorney under the same or similar circumstances.

59.     The Defendants breached their duty when they failed and/or refused to file the Complaint for damages against Dr. Somprasong Songcharoen, M.D., Mississippi Premier Plastic Surgery, PLLC, St. Dominic Jackson Memorial Hospital, John Does A-G and Jane Joes A-G within the applicable two-year statute of limitations in accordance with Miss. Code Ann. § 15-1-36.

60.     Defendants breached their duty when they failed and/or refused to include a Certificate of Consultation with a qualified expert physician with the Complaint for damages as required by law.

61.     The Defendants breached their duty when they failed to properly inform Sharon Hardigree and David Hardigree of their April 29, 2014 hearing whereby Defendants as legal counsel for Sharon Hardigree and David Hardigree agreed to a Joint Order of Dismissal.

62.     The Defendants breached their duty when they failed to properly inform Sharon Hardigree and David Hardigree of their August 12, 2014 hearing on the Joint and Agreed Motion to Withdraw as Counsel for Plaintiffs and Motion for Summary Judgment on the Complaint for damages against Dr. Somprasong Songcharoen, M.D., Mississippi Premier Plastic Surgery, PLLC, St. Dominic Jackson Memorial Hospital, John Does A-G and Jane Joes A-G.

63.     Sharon Hardigree and David Hardigree at all times pertinent hereto had a viable medical malpractice claim and loss of consortium against Dr. Somprasong Songcharoen, M.D., Mississippi Premier Plastic Surgery, PLLC, St. Dominic Jackson Memorial Hospital, John Does A-G and Jane Joes A-G.

64.     Plaintiff Sharon Hardigree could have shown that Medical Defendants failed to adhere to the applicable medical standard of care by failing to perform the surgery without puncturing or tearing Plaintiff Sharon Hardigree's internal organs, by failing to timely diagnose the post–operative complications, among other things.  Plaintiff Sharon Hardigree could have easily shown the professional negligence.

65.     Plaintiff David Hardigree could have easily shown he endured damages as a result of his wife's injuries which gave rise to his loss of consortium.

66.     Defendants were negligent in their representation, which ultimately led to Plaintiffs' case being dismissed.

67.     Defendants were further negligent in their interactions with the Plaintiffs when they carelessly or recklessly failed to adequately communicate with them.

68.     As a direct and proximate result of the breach and/or breaches of the standards of care by Defendants, Sharon Hardigree and David Hardigree experienced great pain and suffering and economic loss.

## COUNT III: CIVIL CONSPIRACY

69.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

70.     Upon information and belief, Defendants and their unnamed employees conspired to commit the acts set forth in this Complaint.

71.     Upon information and belief, Defendants combined and had a meeting of minds to commit unlawful actions against Plaintiffs in an effort prevent Plaintiffs from knowing the statute of limitations had been missed and they had not been telling them the truth.  Upon information and belief, Defendants' conduct was intentionally and willful.  Defendants, upon information and belief, only cared about withdrawing from Plaintiffs' case in hopes that the case will be dismissed for failure to prosecute and in hopes that their client did not learn of the mistake they made.

72.     As a result of Defendants' actions, Plaintiffs have been and continue to be damaged in an amount to be proven at trial.

73.     Defendants' actions were willful, malicious and deliberate entitling Plaintiffs to an award of actual, consequential and punitive damages.

## COUNT IV: NEGLIGENT HIRING, RETENTION, SUPERVISION, CONTROL AND FAILURE TO TAKE REMEDIAL ACTION

74.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

75.     At the time and on the occasion in question, Defendants had a duty to exercise ordinary care in the hiring, retaining, supervising and training of its employees, as well as in properly staffing the Jackson office.   Defendants breached that duty in the following respects, among others:

a.    Failing to properly control personnel management for all employees in the corporate enterprise who made decisions regarding Morgan & Morgan, PLLC;

b.    Failing to properly approve decisions regarding employees of Morgan & Morgan, PLLC;

c.    Failing to hire and maintain the appropriate number of lawyers and staff to ensure the proper handling of cases.  Management of the on-site mangers or management were handled through the corporate enterprise;

d.    Failing to properly supervise its employees to ensure that the complaint was timely filed;

e.    Failing to properly supervise its employees to ensure the lawyers did not breach any fiduciary duties owed to the clients; and

f.    Other breaches as will be shown at trial and/or by expert testimony.

76.    Defendant Bosseler, as managing partner, along with Defendant John Morgan were responsible for the hiring and firing of lawyers and staff.  As such, they were responsible for the overworked lawyers and staff, which contributed to the overworked lawyers, etc.   Thus, management failed to take remedial actions.

77.    The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiffs' damages.

## COUNT V: FALSE ADVERTISING

78.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

79.     Defendants' advertisements violate Mississippi law in that it expressly prohibits deceptive trade practices in the advertising of services.  Upon information and belief, Defendant Bosseler, as managing partner, was responsible for handling advertisements in the Mississippi market, subject to Defendant Morgan's directions.

80.     Defendants' advertisements included, and still includes, false, misleadings, deceptive and ambiugous statements of fact regarding their services and were, and are, distributed throughout the State of Mississippi.

81.     Defendants' advertisements led the Plaintiffs, and leads prospective Mississippi clients, to believe that John Morgan and family will be involved in the handling of their personal injury claims.

82.     Defendants' false advertisements led the Plaintiffs, and leads prospective Mississippi clients, to believe that Morgan & Morgan, P.A. will handle their claims.

83.     Plaintiffs, as well as other prospective Mississippi clients, would not have contacted Morgan & Morgan if they knew John Morgan and family would not be involved, in some aspects, in the handling of their claims, as advertised.

84.     Upon information and belief, Defendants' conduct was undertaken willfully and with the intention of causing confuction, mistake or deception so that Plaintiffs as well as other prospective Mississippi clients would believe John Morgan and family would be their lawyers.

## COUNT VI: RESPONDEAT SUPERIOR

85.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

86.     At all relevant times, Defendant John Morgan, Defendant Greg Bosseler, J.G. and other employees of The Morgan Organizations were in the course and scope of their employment with The Morgan Organizations.

87.     As a result of employees of The Morgan Organizations performing duties in the course and scope of her employment and/or agency with Morgan & Morgan, The Morgan Organizations are liable for the negligence of their employee(s)/statutory employee(s), contractors, subcontractors, agents or servants.

## COUNT VII:  INJUNCTIVE RELIEF

88.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

89.     An application for a preliminary injunction is a matter for the Court's discretion. The exercise of this discretion requires a court to "weigh and balance an assortment of equities and, in the end, make at least four findings:  (1) Whether there exists a substantial likelihood that plaintiff will prevail on the merits; (2) Whether the injunction is necessary to prevent irreparable injury; (3) Whether the threatened injury to the plaintiffs outweighs the harm an injunction might do to the defendants; and (4) Whether entry of a preliminary injunction is consistent with the public interest.

89.     It is undisputed that John Morgan has sworn that he does not have any clients in Mississippi, although a plethora of Morgan & Morgan's advertisements suggest that John Morgan and family will be involved in the handling of their cases.  In fact, John Morgan states "I'm your lawyer" yet he has executed an affidavit stating he does not have clients in Mississippi.

90.   Morgan & Morgan's advertisements are false, misleading, deceptive and/or ambiguous in that they suggest John Morgan and family will have a role in the handling of clients' claims.

91.   Allowing these false advertisements to continue to permeate the televisions, airwaves, billboards and internet in Mississippi will mislead Mississippians.

## DAMAGES

92.   Plaintiffs re-allege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

93.   As a direct and proximate result of the Defendants' acts and omissions, Plaintiffs have suffered and will continue to suffer damages in excess of the minimum jurisdictional limits of the Court as set forth herein, directly attributable to the occurrence which made the basis of this lawsuit and directly related to their injuries and the harm sustained.

94.   Plaintiffs have suffered out-of-pocket expenses which include attorney's fees, costs of court and other expenses. Accordingly, Plaintiffs seek all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages. Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

95.    The amount of total damages suffered by Plaintiffs is significant and continuing in nature. Plaintiffs reserve the right to amend and state further with respect to their Complaint.

## PUNITIVE DAMAGES

96.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

97.     The act(s) and/or omission(s) of the Defendants, evidenced willful and wanton malice and reckless disregard for the well-being and interests of their clients. Plaintiffs specifically request a punitive damages instruction as to all Defendants. Punitive damage instructions may be given when the trial court so determines that the Defendant's conduct is so willful, wanton or egregious that it evidences a reckless disregard for the rights of others.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs Sharon Hardigree and David Hardigree demand a jury trial against Defendants Morgan & Morgan, PLLC, Morgan & Morgan Mississippi, PLLC, Morgan & Morgan, P.A., Morgan & Morgan Mississippi Management, Inc., John Morgan, in his Official Capacity, Gregory J. Bosseler, in his official capacity, and John Does 1-10, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury, attorney's fees, costs and other expenses, and all other costs and relief that me be deemed appropriate.

**RESPECTFULLY SUBMITTED**, this the   18th day of October, 2018.

Respectfully submitted,
SHARON HARDIGREE AND DAVID HARDIGREE

/s/ Terris C. Harris
By:_____
    Terris C. Harris, J.D., LL.M. (MSB# 99433)

**OF COUNSEL:**

Dennis C. Sweet, III, MSB #8105
Dennis Sweet, IV, J.D., LL.M. (MSB #103009)
SWEET & ASSOCIATES
158 E. Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700
Facsimile: (601) 965-8719

MAPLES HARRIS, PLLC
120 N. Congress Street, Suite 400
JACKSON, Mississippi 39201
terris@maplesharris.com
601.316.1993 (Telephone)
866.860.3857 (Facsimile)

## CERTIFICATE OF SERVICE

I, Terris C. Harris, attorney for Plaintiffs, do hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing with the Clerk of the Court using the MEC system, which should send notice of the filing to all attorney of record.

By: /s/ Terris C. Harris
TERRIS C. HARRIS, J.D., LL.M.

**IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI**

SHARON HARDIGREE AND DAVID HARDIGREE                    PLAINTIFFS

v.                                                      CIVIL ACTION NO.  15-532

MORGAN & MORGAN, PLLC, MORGAN &
MORGAN MISSISSIPPI, PLLC, MORGAN &
MORGAN, P.A., MORGAN & MORGAN
MISSISSIPPI MANAGEMENT, INC.,
JOHN MORGAN, INDIVIDUALLY,
GREGORY J. BOSSELER, INDIVIDUALLY, AND
JOHN DOES 1-10                                          DEFENDANTS

**AFFIDAVIT**

STATE OF FLORIDA

COUNTY OF ORANGE

1.      My name is John Morgan.  I am an adult resident citizen of Orlando, Florida.  I am over the age of 21, and I am competent to testify in this matter.

2.      The facts in this affidavit are based on my personal knowledge and are true and correct to the best of my knowledge, information, and belief.

3.      I am a member of Morgan & Morgan, PLLC, which operates a law office in Jackson, Mississippi.

4.      I do not myself operate a business in Mississippi.

5.      I also do not personally represent any clients in Mississippi.

6.      I am a resident of Florida.  I do not live in Mississippi, I do not personally maintain an office in Mississippi, and I do not have any employees or agents in Mississippi.  The employees of the Morgan & Morgan office in Jackson, Mississippi are employees of Morgan & Morgan, PLLC.

**EXHIBIT
"B"**

7.      I do not own, use, lease, or possess any real property within the State of Mississippi.

8.      I do not personally have a telephone number, bank account, or mailing address in the State of Mississippi.

9.      The only advertising that I do in the State of Mississippi is as a company representative for Morgan and Morgan, PLLC. I do not conduct any advertising for myself.

10.     I have not conducted any personal business in the State of Mississippi.

11.     From time to time, I travel to Mississippi in my official capacity with Morgan & Morgan, PLLC. I do not make, nor have I ever made, personal or non-business trips to Mississippi. To the best of my knowledge, I have never committed any act in Mississippi of a personal nature apart from my role as an officer of Morgan & Morgan, PLLC.

12      I do not pay any of Morgan & Morgan's expenses or losses. That entity pays all of its own expenses.

13.     I have not made any personal loans to Morgan & Morgan.

DATED:  November 13, 2015.

_____
JOHN MORGAN

Sworn to and subscribed before me this the 13th day of November, 2015.

_____
NOTARY PUBLIC

My Commission Expires:

RENEE C. BRYANT
ID # 109126
Commission Expires
June 2, 2018
STATE OF MISSISSIPPI
NOTARY PUBLIC
RANKIN COUNTY

2