IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHARON HARDIGREE and DAVID
HARDIGREE**                                                                                    **PLAINTIFFS**

v.                                                                                     CAUSE NO. 3:18CV727-LG-LRA

**MORGAN & MORGAN, PLLC;
MORGAN & MORGAN MISSISSIPPI
MANAGEMENT, INC.; JOHN MORGAN,**
*individually*; **GREGORY J. BOSSELER,**
*individually*; **and JOHN DOES 1-10**                                         **DEFENDANTS**

### ORDER GRANTING MOTION TO REMAND AND
### DENYING REQUEST FOR COSTS AND ATTORNEY'S FEES

**BEFORE THE COURT** is the [11] Motion to Remand filed by Plaintiffs Sharon and David Hardigree.  Plaintiff's Motion seeks remand for lack of subject matter jurisdiction and attorney's fees for frivolous removal.  Defendants filed a response in which they agree to remand due to Plaintiffs disclaimer of federal claims but dispute the claim of frivolous removal.  Plaintiffs did not file a reply. Having considered the submissions of the parties, the record, and relevant law, the Court concludes that the Motion to Remand should be granted insofar as it seeks remand but denied to the extent that it seeks costs and attorney's fees.

I. BACKGROUND

Plaintiffs filed this lawsuit in the Circuit Court of Hinds County, Mississippi on October 14, 2015, asserting only state law claims for legal malpractice.  However,

Plaintiffs amended their complaint on October 18, 2018 to include a claim for false advertising. In view of the new claim, which Defendants construed as a false advertising claim under the Lanham Act – a federal statute – Defendants removed the case to federal district court on October 22, 2018. On November 6, 2018,

Plaintiffs filed the instant Motion to Remand. The Motion asserts that no federal question is presented on the face of the Amended Complaint because it alleges solely that Defendants' advertisements violate Mississippi law. Plaintiffs cite two state statutes in their Motion – Miss. Code Ann. § 75-24-5 and Miss. Code Ann. § 97-23-3 – on which they base their false advertising claim. Accordingly, Plaintiffs maintain not only that remand is appropriate, but that removal was frivolous. They seek costs and attorney's fees. The Defendants concede remand, but argue an objectively reasonable basis for removal and contest the claim for costs and attorney's fees.

## II. DISCUSSION

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)). But "[f]ederal subject matter jurisdiction is limited and must be conferred by Congress within the bounds of the Constitution." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011).

> A plaintiff is the master of his complaint and may allege
> only state law causes of action, even when federal
> remedies might also exist. Under the well-pleaded
> complaint rule, a federal court does not have federal

– 2 –

> question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint. Accordingly, "there is no federal question jurisdiction if the plaintiff properly pleads only a state law cause of action."

*Id.* at 803 (citations omitted). The burden of establishing federal jurisdiction is on the removing party. *Id.* at 802; *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 255 (1984). In view of Plaintiffs' explicit disclaimer of federal law and Defendants' concession of the motion to remand, it seems clear that no federal question exists to satisfy jurisdiction under 28 U.S.C. § 1331. In addition, the parties are not diverse. Consequently 28 U.S.C. § 1332 is inapplicable and Plaintiffs are entitled to remand.

The remaining question is whether Defendants had an objectively reasonable basis for removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "'[t]here is no automatic entitlement to an award of attorney's fees.'" *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541 (5th Cir. 2012) (quoting *Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000)). "Rather, a court 'may award attorney's fees when the removing party lacks an objectively reasonable basis for removal.'" *Id.* at 542 (quoting *Howard v. St. Germain,* 599 F.3d 455, 457 (5th Cir. 2010)); *see Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). This standard "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on

the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140. "In that regard, § 1447(c) fee awards are cost recoupments, hence punitive in policy only." *Am. Airlines*, 694 F.3d at 542.

Plaintiffs characterize Defendants' removal as "frivolous": "Defendants' Notice of Removal asserted federal question jurisdiction as grounds for removal knowing that Plaintiffs' claims are grounded in Mississippi substantive law, as evidenced by Plaintiff's notice letter as required by Mississippi statute, as well as the face of the Amended Complaint." (Mem. Supp. Mot. Remand 4, ECF No. 12.) Under the count for "False Advertising" in the Amended Complaint, Plaintiffs do explicitly state that "Defendants' advertisements violate Mississippi law in that it expressly prohibits deceptive trade practices in the advertising of services." (Notice of Removal, Ex. A, at 18, ¶79, ECF No. 1-1.). Defendants counter that Plaintiff's Amended Complaint did not disclaim federal law and argue that the Mississippi statutes cited in Plaintiff's remand motion do not clearly support their false advertising claim and request for injunctive relief, while the Lanham Act does.

Plaintiffs have referenced section 75-24-5 of the Mississippi Code, which prohibits unfair and deceptive trade practices, and section 97-23-3, which criminalizes deceptive advertising. Both statutes provide a private right of action for claims appropriately characterized as false advertising.[1] However, Defendants

---

[1] *See* Miss. Code Ann. § 75-24-15 ("[A]ny person who purchased or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property . . . as a result of the use or employment by the seller, lessor, manufacturer or producer of a method, act or practice

are correct that neither statute affords Plaintiffs injunctive relief. *See* Miss. Code Ann. § 75-24-9 (affording only the Mississippi Attorney General the right to bring an action seeking injunctive relief for a violation of § 75-24-5); Miss. Code Ann. § 97-23-3 (affording only civil damages in a private tort action).

The amended complaint does contain an independent claim for injunctive relief specifically related to Defendants' alleged false advertising, albeit without any reference to the Lanham Act. (*See* "First Amended Complaint," Count VII Injunctive Relief). The state statutes cited by Plaintiffs do not provide for injunctive relief, but injunctive relief for false advertising is explicitly available under the Lanham Act. 15 U.S.C. §§ 1116, 1125(c); *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000). Given these circumstances, the Court finds that Defendants had an objectively reasonable basis for removal. Plaintiffs' request for costs and attorneys' fees is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [11] Motion to Remand filed by Plaintiffs Sharon and David Hardigree is **GRANTED IN PART AND DENIED IN PART**. The above styled and numbered case should be and is hereby **REMANDED TO THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI.** Plaintiffs' request for attorney's fees is **DENIED**.

---

prohibited by Section 75-24-5 may bring an action at law . . . ."); Miss. Code Ann. § 97-23-3 (providing that a person who engages in conduct violative of this criminal statute "may be held civilly responsible in tort for damages to persons or property proximately resulting from a violation of this section").

– 5 –

**IT IS FURTHER ORDERED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 10th day of December, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE